UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA


ROBERT JOST,

      Plaintiff,

                                   CASE NO.:

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendant.

_____/


**<u>COMPLAINT</u>**

1.      This is an action for damages, equitable relief and attorney's fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132 (a)(1)(b).

2.      This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 1132 (e).

3.      Venue is proper in this district, pursuant to 28 U.S.C. § 1391 (b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

4.      At all times relevant hereto Plaintiff was an employee of Best Buy Company, Incorporated.

5.      At all times relevant hereto Plaintiff was a "participant" in and "beneficiary" of a, Long-Term Disability Insurance Plan (hereinafter "LTD PLAN"), as these terms are

defined by 29 U.S.C. §§ 1002(7) and (8), and the insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

6. The LTD PLAN is a component of an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). A copy of the relevant portions of the long-term disability insurance plan is attached hereto as Exhibit A and incorporated by reference herein.

7. At all times relevant hereto Plaintiff's employer was the "plan sponsor" as this term is defined by 29 U.S.C. § 1002(16)(B).

8. At all time relevant hereto, Defendant, Hartford Life and Accident Insurance Company, was the claim "administrator" of the LTD Plan, and a "fiduciary", as these terms are defined by 29 U.S.C. §§ 1002(16) and (21).

9. At all time relevant hereto the business practices of Defendant created a conflict of interest between its fiduciary duties to Plaintiff and its interest in maximizing profits on its own behalf and on behalf of its shareholders.

## COUNT I

**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. § 1132(a)(1)(B)**
**Against Defendant, Aetna Life Insurance Company**

10. At all times relevant hereto Defendant provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. At all times relevant hereto Plaintiff was and is "disabled" as that term is defined in the LTD Plan, due to, among other things, multi-level degenerative disc disease and limb girdle muscular dystrophy.

12.     Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits from Defendant for the loss or losses herein claimed and has exhausted all administrative remedies prior to filing this action.

13.     Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD Plan.

14.     Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under the LTD PLAN, together with costs of litigation and attorney's fees and pre-judgment interest.

s/Edward A. Doskey
DOSKEY LAW, P.L.C.
Florida Bar No.: 0127360
Attorney for Plaintiff
807 Howard Ave.
New Orleans, LA  70113
Phone:  (504) 684-4473
Fax:  (504) 234-2398
Email:  ed@doskeylaw.com